UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PHILLIP E. WRIGHT
4260 Franklin Street
China Grove, NC 28023
Tel: (704) 796-2272
E-mail: pwrightjr1@yahoo.com,
              Plaintiff

V

FOREIGN SERVICE GRIEVANCE BOARD,
UNITED STATES DEPARTMENT OF STATE, and
CONDOLEEZZA RICE, in her official capacity
as United States Secretary of State,
              Defendants

CASE NUMBER 1:06CV00526

JUDGE: John D. Bates

DECK TYPE: Administrative Agency Rev.

DATE STAMP: 03/21/2006

## COMPLAINT

I.

This action is brought under 22 USC sec. 4140. Plaintiff returned to the U.S. from his assignment as Public Affairs Officer, Kinshasa, Democratic Republic of the Congo on September 26, 2005.

II.

a. This action is in part an appeal from a decision of the Foreign Service Grievance Board (FSGB) of July 8 2003 denying plaintiff's grievance seeking to remove prejudicial material from his official personnel file.

b. The FSGB denied plaintiff the opportunity to develop evidence that would demonstrate the existence of prejudicial material in plaintiff's official personnel file, thus acting in an arbitrary and capricious manner.

1

c. The FSGB abdicated its responsibility to adjudicate plaintiff's grievance fairly, thereby violating the standards of 5 USC sec. 706.

d. The decision of the FSGB denying plaintiff's grievance is unsupported by and contrary to the evidentiary record developed before the FSGB.

e. The decision of the FSGB of July 8 2003 also violates the standards of due process guaranteed by 22 USC sec. 4008 and by the Fifth Amendment of the U.S. Constitution.

f. The FSGB additionally violated standards of due process by improperly delegating its fact-finding and decision-making powers to Board staff personnel.

III.

a. After the events leading to the decision of the FSGB described in Section II of this Complaint, plaintiff was again designated for separation for performance by the Department of State in 2004.

b. At the request of the Ambassador in Kinshasa, the Director General of the Foreign Service extended the time for plaintiff's separation for one year, apparently the maximum period of time he could do this, until April 5 2005.

c. On April 1, 2005 plaintiff filed a grievance for final agency review contesting this separation.

d. Plaintiff heard nothing regarding this grievance until he received an e-mail sent on July 1, 2005 by Terry Michael Hagans of the Grievance Staff (GS). This e-mail informed plaintiff that the GS was prepared to deny plaintiff's grievance and to proceed to dismiss plaintiff from the Foreign Service.

e. This e-mail gave plaintiff until July 6, 2005 to decide whether to sign a settlement agreement or to face immediate dismissal from the Foreign Service. The intent of this e-mail was to give plaintiff two working days in which to make this important decision.

f. With no time and lacking the means to research his options and make a rational and informed decision, and facing the threat of imminent dismissal and loss of retirement benefits, plaintiff under duress and coercion agreed to sign a settlement agreement.

g. At the time these events occurred, the FSGB, apparently due to a drafting error in Congress, lacked the ability to grant proscriptive relief staying separations from the Foreign Service in appeals from final agency decisions.

h. This situation denied plaintiff the right to be heard before any sort of impartial decision-maker before the denial of substantial property benefits, thereby violating standards of due process guaranteed by 22 USC sec. 4008 and by the Fifth Amendment of the United States Constitution.

i. The Grievance Staff used this situation to coerce plaintiff into signing a settlement agreement designed to deny plaintiff any opportunity to seek redress in the judicial system.

j. Accordingly, the settlement agreement signed by the parties in July 2005 not only violates standards of due process, it is null and void by being against public policy.

k. The Department of State is also estopped from enforcing the settlement agreement due to the fact that the Director General of the Foreign Service extended plaintiff's time in service for one full year. By this action, the Director General demonstrated his belief that plaintiff was a fully competent member of the Foreign Service.

IV.

Wherefore, plaintiff prays:

1. That the settlement agreement of July 2005 be declared null and void, and that the 2003 Performance Standards Board Designation for Separation be dismissed.

2. That plaintiff be reinstated into the Foreign Service.

3. That plaintiff receive back pay from January 1, 2006 until such time as he is reinstated into the Foreign Service.

4. That, due to the egregious and longstanding misconduct by the FSGB and the Department of State in this matter, this Court instruct the Department of State to retroactively promote plaintiff according to a formula to be determined by the Court and/or the parties, and that plaintiff receive back pay and adjustments to other benefits accordingly.

5. That, in the alternative, this matter be remanded to the FSGB for further action in the matter of AGS 2005-029 and/or FSGB 2002-018 as the Court deems appropriate.

6. For costs and such other relief as the Court may deem just and proper.

Respectfully submitted this the 21st day of March, 2006.

*Phillip E. Wright*
Phillip E. Wright, pro se
4260 Franklin Street
China Grove, NC 28023
Tel: (704) 796-2272
E-mail: pwrightjr1@yahoo.com