# Exhibit 5

## 3 FAM 6213.8  Members Requesting Promotion into the Senior Foreign Service

*(CT:PER-586;   06-07-2006)*
*(State only)*
*(Applies to Foreign Service Employees)*

a. The Official Performance Folders (OPFs) of career members of the Foreign Service at class FS-1 who request consideration for promotion into the Senior Foreign Service and who meet the eligibility requirements specified in the Department's annual guidance to FS-1 officers by worldwide telegram and Department notice will be reviewed for promotion by annual Senior Threshold Selection Boards (STBs).  Other eligibility requirements include, but are not limited to, membership in an occupational category, as indicated by primary skill code, for which at least some promotion opportunities are expected at the FS-1 to FE-OC level.

   Effective October 1, 1999, STB reviews for members in specialist categories will only be counted during years when at least one promotion opportunity is available.  The maximum number of STB reviews to which any member shall be entitled is six.  No member shall be considered by an STB that convenes after the month of expiration of the member's TIS/TIC limit.  A member who is not promoted during this "Senior Threshold Window" as the result of six or fewer STB reviews will, notwithstanding the TIS/TIC limits otherwise applicable in this section or the transition provisions of 3 FAM 6213.2, be mandatorily retired in accordance with 3 FAM 6216.

b. A member who has requested consideration for promotion into the SFS may subsequently withdraw that request, but will continue to be subject to mandatory retirement as provided in 3 FAM 6213.7 (a) and may not thereafter request consideration for promotion into the SFS unless the request was withdrawn prior to the first review for promotion by the STB. Any such members will be subject to separation by November 1 of the year of what would have been the member's final review.  A request that is withdrawn prior to a first STB review may be resubmitted at a later time.

# 3 FAM 6214  MANDATORY RETIREMENT BASED ON RELATIVE PERFORMANCE

*(CT:PER-586;   06-07-2006)*
*(State only)*
*(Applies to Foreign Service Employees)*

A career member of the FS shall be retired for failure to meet the standards of performance for his or her class, in accordance with section 608 of the Act (22 U.S.C. 4008).

# 3 FAM 6214.1  Selection Board Responsibilities

(CT:PER-586;   06-07-2006)
(State only)
(Applies to Foreign Service Employees)

Selection Board responsibilities for low ranking and possible referral to Performance Standards Boards of career members of the Service who are reviewed for promotion are defined in the Procedural Precepts for the Foreign Service Selection Boards (3 FAH-1 H-2320 Exhibit A).

# 3 FAM 6214.2  Performance Standards Boards (PSBs)

(CT:PER-586;   06-07-2006)
(State only)
(Applies to Foreign Service Employees)

a. HR/PE will convene as many PSBs as may be necessary in light of the number and class of career members designated for PSB review after each rating period.  PSBs will determine, on the basis of the PSB precepts, whether career members should be retired for failure to meet the performance standards of their class.

b. Each PSB shall be made up of at least three members who, to the fullest extent possible, shall all be career members of the Service of a class at least one level above those Foreign Service members whose records will be reviewed by the Board.  The members of PSBs shall be knowledgeable about the occupational requirements of the categories of members they review.

c. PSB criteria for determining whether or not to retire mandatorily a member of the FS are contained in the PSB precepts at 3 FAM 6214.2-1.

d. PSBs will review or have available for reference during their deliberations only the following material:

    (1)    A copy of the Foreign Service Act of 1980, as amended, and these regulations (see 3 FAM 6200);

    (2)    A copy of the PSB precepts (see 3 FAM 6214.2-1) and the relevant

Selection Board substantive and procedural precepts;

(3)     The Official Performance Folders of the members referred to the PSB;

    (a)     Previous Selection Board rankings of the members referred to the PSB for the years they were in their present class; Selection Board justifications for previous low rankings and for the designation for PSB review; previous findings of PSBs or Special Review Boards concerning members reviewed while they were in their present class, together with the record of actions taken;

    (b)     Lists of the members who competed before Selection Boards against those designated for PSB review;

    (c)     The Official Performance Folders of other members in corresponding classes and functions, to compare their performance records with those of the members under review; and

    (d)     Any other material that was available to the Selection Boards that low ranked the members under review.

e.  At the conclusion of their review, PSBs shall submit to the Director General their findings, which shall include a list of the members designated for mandatory retirement under section 608 of the Act (22 U.S.C. 4008), along with individual statements justifying the Board's findings in each case.  These statements shall indicate the documented shortcomings where the members did not meet the standards of their present class, as set forth in the Procedural Precepts for the Performance Standards Boards (3 FAM 6214.2-1).  The Director General shall review each PSB's findings to determine if they are in accordance with PSB precepts.  Upon his or her acceptance of each PSB's findings, the Director General will instruct HR/PE to carry out its recommendations for separation.

f.  Employees designated for separation by PSBs will be informed promptly in writing by the Director General, provided a copy of the PSB statement of justification, and informed of the specific date for mandatory retirement from the Service.  They will separately be advised in writing by HR/CDA of their rights to appeal the separation to a Special Review Board (SRB) within 20 calendar days of receipt of HR/CDA's letter or to file a grievance at any time prior to their mandatory retirement date.  An employee may not avail himself or herself of both the SRB and a grievance, but must choose between them.  An employee will not be

separated from the FS while the SRB review is pending or while the grievance process is pending at the initial level below appeal.

g. Members who are reviewed but who are not designated for mandatory retirement by the PSBs will be so informed in writing.  The PSB will prepare a counseling statement to be provided to each such member by HR/PE.

## 3 FAM 6214.2-1  Procedural Precepts for the Performance Standards Boards

(CT:PER-586;   06-07-2006)
(State only)
(Applies to Foreign Service Employees)

a. PSBs will be guided by the following standards of performance to be met by career members of the Service:

(1)    The wide variety of both Foreign Service functions and working conditions precludes defining specific and fixed class standards embracing precise requirements.  Therefore, the performance standards are expressed in broad terms.  In general, PSBs shall weigh heavily documented shortcomings in one or more skills, abilities, or areas of knowledge that are pertinent to the occupational category of the member reviewed.  PSBs shall also take into account failure to overcome these shortcomings after they have been brought to the attention of the member.  A member's failure to meet the standards of a class may manifest itself in relative or comparative shortcomings in necessary skills, abilities, or areas of knowledge in comparison with other members in the same class and occupational category.

(2)    In judging the relative performance of a member under review, each PSB will give particular weight to documented shortcomings in those areas of quality, competency, and responsibility as set forth as "Decision Criteria for Promotion" in the most recent Selection Board precepts, including both the areas of specific competence identified in the precepts and those areas of responsibility specified as factors which in themselves may be possible grounds for low ranking.

(3)    Each PSB will review a sufficient number of Official Performance Folders of other members in the class and occupational category of the member under consideration to ensure that it has a reliable measure of the character and quality of performance in the relevant

category. The Board will review no fewer than ten Official Performance Folders in each case as a representative sample picked at random from the appropriate category, unless the class and occupational category includes fewer than ten members. In this instance, the PSB will review the files of all other members of the class and category of the member under review. Each PSB will then determine, in reviewing the record of the member under review in light of the criteria in paragraphs (a)(1) and (a)(2) above, whether the member under review has failed to meet the standards of performance while in present class.

(4)    To justify a designation of selection-out, a PSB need not conclude that the member's performance was unsatisfactory per se or that the member's utility to the FS is marginal in an absolute sense. Rather, its duty is to examine the records of the member under review and related material, in comparison with other records reviewed, and to designate for selection-out those whose performance (evaluated in terms of assigned duties, goals, and work requirements) or whose deficiencies in work-related personal qualities or professional skills indicate that they have not met the standards of performance for their class.

(5)    A PSB shall not consider any of the following:

(a)    The time remaining before a member arrives at what may be mandatory retirement either for age or time-in-class/time-in-service;

(b)    A member's age, sex, national origin, religion, race, color, sexual orientation, or disability.

(6)    A PSB should not penalize unfairly a member who has received an honest, candid, or constructively critical report and shall review the member's prior rankings in present class for balanced consideration.

(7)    A designation of selection-out ordinarily will not be based solely on the reports of a single rater. The Board should be able to identify some or all of the critical shortcomings among the reports of more than one rater. Where a Board's decision rests predominantly on the reports of one rater, the Board must consider whether there is any indication of unfair, negative bias by the rater.

b. Decision Rule: The decisions of a Board respecting selection-out will be by majority vote.

c. Proscriptions Against Outside Inquiry:

   (1)    Prohibition against obtaining other information;

   (2)    A PSB will refer questions about its work only to the Office of Performance Evaluation (HR/PE);

       (a)    PSB members will have available only the material specified in 3 FAM 6214.2 (d). They will neither seek nor receive, from any source, any other information (including but not limited to information regarding health, suitability, assignability, or reputation of any member of the FS under consideration); and

       (b)    Should any unauthorized information referred to in paragraph (b) above come to the attention of a Board member, that Board member will report this in writing to HR/PE.

   (3)    Personal Knowledge of Board Members:

       (a)    PSB members cannot rely upon or relay to other Board members personal knowledge of a member under consideration.

       (b)    When a PSB member believes the she or he may be unable to render a fair and unbiased judgment of a career member, that PSB member shall state that fact in writing and will be excused from further consideration of the member. That PSB member shall continue to participate in the other activities of the PSB and shall not be required to state a reason for not participating in the consideration of a particular career member.

       (c)    A PSB member who was the career member's rater or reviewer while the career member was in present class will be excused from participating in making a decision only if the career member being reviewed so requests.

d. Oath of Office:

All Board members will adhere to the following oath: "I _____ do solemnly (swear/affirm) that I will perform the duties of a member of a Performance Standards Board faithfully and to the best of my ability; that I will adhere to the Precepts and apply them without prejudice or partiality; and that I will not reveal to unauthorized persons any information concerning the personnel records used or the deliberations and recommendations of the Board. (So help me God/I so swear.)

e. Expiration:  These precepts shall be extended from year to year and continue in force in their present form unless the Department or the employee representative organization gives notice in writing to the other of its intention to propose modifications.

# 3 FAM 6214.3  Special Review Boards (SRBs)

(CT:PER-586;   06-07-2006)
(State only)
(Applies to Foreign Service Employees)

a. Any member who wishes to appeal a designation for separation by a PSB to an SRB must submit a written notice of appeal to the Director of HR/PE within 20 calendar days of receiving notice of the rights to appeal.  HR/PE will convene an SRB to conduct an administrative review of the PSB decision in accordance with the precepts at 3 FAM 6214.3-1.  Under 3 FAM 4428, and as explained above in 3 FAM 6214.2 (f), a member who appeals a PSB decision to an SRB is precluded from also filing a grievance challenging the PSB decision.  An appeal to an SRB, however, does not preclude a proceeding under 5 U.S.C. 1214 or 1221.

b. An SRB shall be made up of three or more Foreign Service members senior in class to the appellant.  Each SRB shall be assisted by a procedural adviser who is experienced in hearings related to adverse personnel actions.  To the fullest extent possible, the members of the SRB will be experienced in various Foreign Service functional areas and be knowledgeable about the occupational area of the appellant, with at least one SRB member having direct work experience in the appellant's primary functional field.

The senior member of the SRB will serve as chairperson.  The names of prospective SRB members will be reviewed by the employee representative in accordance with existing collective bargaining agreements on the composition of Selection Boards.  The name of the proposed procedural adviser to the SRB will also be submitted to the employee representative.  The procedural adviser shall not be a Department official or have served in the last two years with the Bureau of Human Resources or the Office of the Legal Adviser or in any other capacity representing the Department's interest against an individual employee's claim or complaint.  The procedural adviser shall not vote or participate directly in the disposition of the appeal but will advise the SRB on procedures and rulings to ensure administrative due process.

c. Each SRB shall conduct a hearing to receive testimony, as well as to consider evidence that was available to the PSB.  The appellant has the

right to introduce evidence in writing or orally at the hearing. The SRB shall base any decision to overturn the PSB decision only on one or more of the following grounds:

(1)    Additional evidence clearly shows that the PSB's finding relied in determinative part on material that was erroneous or falsely prejudicial;

(2)    The PSB failed to comply with its precepts (see 3 FAM 6214.3-1); or

(3)    Additional evidence indicates that severe or extraordinary circumstances beyond the control of the appellant temporarily affected adversely the appellant's performance but are not expected to recur.

d.  An appellant has the right to choose a representative who may be present and participate in every stage of proceedings before the SRB.

e.  The first hearing of an SRB shall not be sooner than 45 calendar days from receipt of the PSB notice by the appellant, to allow a reasonable time to prepare the appellant's case before the SRB.

f.  After reviewing all evidence, the SRB shall decide by majority vote either to sustain the PSB's decision or to overturn it. The SRB's decision shall be transmitted in writing to the Director General, with a copy to the appellant.

g.  An SRB decision to overturn selection-out may include supplementary recommendations to the Director General for corrective action related to its decision, such as: expunctions from the Official Performance Folder of erroneous or prejudicial material; insertion by the Director General of a statement explaining, clarifying, or putting into perspective performance evaluations; or recommendations for extension of time-in-class/time-in-service or other actions deemed necessary to correct any prejudice found. Any such Board recommendations should be precisely framed to facilitate their implementation and should be supported by written justification. Such recommendations will not be binding, but if not implemented, the appellant may pursue such remedies as may be available through the normal grievance process.

h.  If the SRB overturns the PSB decision, the member may continue in the FS, but the TIC/TIS limits will not be extended to make up for any period of selection board ineligibility resulting from the earlier PSB decision unless such extension is ordered as a result of a separate and subsequent grievance action.

i.  If the SRB upholds the PSB decision, the member may request, within 10

working days of the SRB decision, reconsideration of the SRB decision. The SRB may agree to reconsider a case if the member can show:

    (1)    A specific error of fact or interpretation of fact in the SRB's original finding; or

    (2)    Newly discovered or previously unavailable material evidence.

j.  An SRB decision to uphold a PSB decision becomes final and binding upon:

    (1)    The expiration of 10 working days following the appellant's receipt of the SRB decision, if no written request for reconsideration is filed;

    (2)    The SRB's denial of an appellant's request for reconsideration; or

    (3)    The reaffirmation by the SRB of its original decision.  Such a decision constitutes final administrative action of the Department, and the Director General will set the effective date of separation in accordance with 3 FAM 6216.

## 3 FAM 6214.3-1  Procedural Precepts for the Special Review Board

*(CT:PER-586;  06-07-2006)*
*(State only)*
*(Applies to Foreign Service Employees)*

a.  General:  The Special Review Board (SRB) will be convened for any career member of the Foreign Service (FS) who timely exercises the right of appeal from a Performance Standards Board's (PSB) designation for selection-out of the FS under section 608 of the Foreign Service Act of 1980 (22 U.S.C. 4008), as amended.  The SRB will conduct a review of the PSB decision in accordance with these precepts and will uphold or overturn that decision.  The decision of the SRB will be binding on the Department.  (See 3 FAM 4400 concerning possible grievance in lieu of appeal.)

b.  Rights of Appellant:  In addition to the right to an evidentiary hearing and the other rights specified in 3 FAM 6214.3, the appellant has the right to the following:

    (1)    Access to Department telegram facilities for transmission of interrogatories and other messages relevant to the appeal;

    (2)    Appropriate access to Department records requested to substantiate the appeal that the SRB deems relevant to the proceeding.  When deemed appropriate by the Department or the Board, the appellant may receive only a summary or extract of classified material.  Disclosure of any official Department record to the Special Review Board or an appellant is not required where the Secretary or Deputy Secretary determines in writing that such disclosure would adversely affect the foreign policy interests or national security of the United States.  Access to the appellant's personnel records shall be governed by 3 FAM 2350 and 3 FAH-1, H-2350.

    (3)    A reasonable amount of administrative leave to prepare the case (this applies equally to the appellant's representative if an employee of the Department); and

    (4)    Travel orders and per diem (for appellant only) for temporary duty in the Washington, D.C. area (Washington, DC per diem may begin up to 15 days before the scheduled date of the hearing).

c.  Board Procedures:

    (1)    Documentary Material:  Before the first pre-hearing conference, the Board and appellant will receive a list of, and access to, all material pertaining to the appellant that was available to the Performance Standards Board (PSB), including the PSB precepts and a copy of the PSB's statement of justification for its selection-out designation.  Nothing herein precludes an appellant from requesting documents under the Privacy Act (5 U.S.C. 552a) and Freedom of Information Act (5 U.S.C. 552) and implementing regulations.

    (2)    Schedule:  The chairperson of the SRB will set a date for the hearing that is no earlier than 45 days after the appellant's receipt of written notice of rights to appeal the PSB decision.  The appellant will be promptly notified of the date so that preparations for the appeal may be completed and, if appellant is overseas, travel to Washington, DC, may be scheduled.  If the appellant believes that the scheduled hearing date does not permit adequate time to complete preparations for the appeal, a request for extension of the date must be promptly submitted in writing to HR/PE (by immediate cable, if overseas), explaining the reasons why additional time is required.  The chairperson may reschedule the hearing for a later date, if he or she determines that the delay is necessary to permit the appellant to fairly and adequately complete preparations for the hearing.

(3)    Pre-Hearing Conference:

   (a)    The SRB will conduct one or more pre-hearing conferences to define and narrow the issues.  These conferences are to establish, insofar as possible, the scope of material the Board is to consider, the number and identity of witnesses, and the timing and content of interrogatories, as well as to address any procedural questions.  If the appellant is overseas, the chairperson may hold by teleconference or otherwise, as deemed appropriate.  A pre-hearing conference will be held as promptly as possible after the appellant returns to Washington, DC, for the hearing (see paragraph (d) (4).)

   (b)    At the first pre-hearing conference, the chairperson will set a deadline for the appellant to submit:

      (i)    A list of witnesses the appellant proposes to testify at the hearing;

      (ii)    Written interrogatories the appellant proposed to witnesses who will probably be unable to appear in person; and

      (iii)    Information on the evidence that each witness or interrogatory is expected to provide, when requested by the Board.

   (c)    Should the SRB wish to call any witnesses or prepare any interrogatories, or should it desire to include information for the record, it shall give the appellant reasonable advance notice and shall provide the appellant with an opportunity to respond to the information included, or to call further witnesses or submit interrogatories in response.  The appellant may be granted up to 20 calendar days to prepare responses to information included by the SRB.

   (d)    The appellant may present to the SRB the texts of Grievance Board decisions that pertain to the appellant.  The SRB shall ask the Department whether any documents or issues that the appellant contests in the appeal have received prior Grievance Board adjudication.  The SRB shall recognize a decision of the Foreign Service Grievance Board as the definitive adjudication of all issues and contentions the decision addressed (for example, the accuracy and validity of an employee evaluation report).

(4)  Conduct of the Hearing:

    (a)  The appellant and his or her representative are entitled to be present at the hearing.  Only those who have the requisite security clearances may have access to classified material being presented or discussed.  The Department will seek to expedite issuance of security clearances whenever the chairperson so requests in order to ensure a fair and prompt hearing before the SRB.

    (b)  Testimony at a hearing shall be given under oath.

    (c)  The appellant may present to the Board such material as the appellant believes supports the appeal.  Information that would normally be inadmissible in the appellant's evaluation report may be raised by an appellant before the Special Review Board.  The appellant and members of the SRB shall be entitled to examine and cross-examine witnesses at the hearing.  The SRB may ask for justification of and rule on the relevance and materiality of the appellant's interrogatories.  If the Board approves requests for additional witnesses or interrogatories, the chairperson may recess the hearing pending their availability.

    (d)  Upon request of the SRB, or upon request of the appellant that is deemed relevant and material by the Board, the Department shall promptly make available at the hearing or by interrogatory any witness employed by the Department.

    (e)  During any hearing held by the SRB, any oral or documentary evidence may be received, but the Board shall exclude any irrelevant, immaterial, or unduly repetitious evidence.

    (f)  The appellant may present a closing argument.

    (g)  A verbatim transcript by a court reporter shall be made of any hearing and shall be part of the record of proceedings.

(5)  Post-Hearing Brief:  The appellant may present a post-hearing brief at a time specified by the chairperson.

f.  Decision:  Upon completion of the hearing, the Board shall expeditiously decide the appeal on the basis of all the oral and documentary evidence it has received in the course of the hearing and the entire written record thereof.  The Board shall not consider any other material.  The SRB's written decision will include findings of the facts and will set forth the reasons for its decision.  The decision will be sent to the Director General,

with copies to the appellant and representative, if any.  A dissenting opinion may accompany the SRB decision.

g.  Waiver:  An appellant may waive the right to a hearing or to present documentary evidence to the SRB.  Such a waiver must be in writing and signed by appellant.

h.  Oath of Office:

All Board members will adhere to the following oath: "I _____ do solemnly (swear/affirm) that I will perform the duties of a member of a Special Review Board faithfully and to the best of my ability; that I will adhere to the Precepts and apply them without prejudice or partiality; and that I will not reveal to unauthorized persons any information concerning the personnel records used or the deliberations and recommendations of the Board.  (So help me God/I so swear.)

i.  Expiration:  These precepts shall be extended from year to year and continue in force in their present form unless the Department or the employee representative organization gives notice in writing to the other of its intention to propose modifications.

# 3 FAM 6215  MANDATORY RETIREMENT OF FORMER PRESIDENTIAL APPOINTEES

(CT:PER-586;   06-07-2006)
(State only)
(Applies to Foreign Service Employees)

Career members of the FS who have completed Presidential assignments under section 302(b) of the Act (22 U.S.C. 3942(b)), and who have not been reassigned within 90 days after the termination of such assignment, plus any period of authorized leave, shall be retired as provided in section 813 of the Act (22 U.S.C. 4053).

a.  For purposes of this section, a reassignment includes the following:

(1)  An assignment to an established position for a period of at least 6 months pursuant to the established assignments process (including an assignment that has been approved in principle by the appropriate assignments panel);

(2)  Any assignment pursuant to section 503 of the Foreign Service Act of 1980 (22 U.S.C. 3983), as amended;