UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PHILLIP E. WRIGHT,                  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 06-0526(JDB)
                                    )
FOREIGN SERVICE GRIEVANCE           )
BOARD, et al.,                      )
                                    )
            Defendants.             )
_____)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

**Introduction**

In accordance with the Court's December 27, 2006, Order, defendants oppose plaintiff's motion for production of documents, which the Court interpreted as a motion to supplement the administrative record. Plaintiff challenges a decision of the Foreign Service Grievance Board ("FSGB"), pursuant to 22 U.S.C. § 4140. Review of that decision is based on the record before the FSGB. Id. Plaintiff also seeks to have this Court declare the Settlement Agreement he entered into with the Department of State in July 2005 declared null and void. After filing a certified copy of the Administrative Record, the Department filed a Motion to Dismiss and for Summary Judgment. Plaintiff then filed with the Court a motion for production of documents.

Plaintiff does not assert that the Administrative Record ("AR") filed with the Court on October 25, 2006, excludes any of

the materials that were part of the FSGB's record of proceedings. Nor does plaintiff argue that any judicially-recognized exceptional circumstance warrants supplementing the AR.

Plaintiff prematurely seeks discovery concerning his contract claim. Plaintiff's motion for production of documents is improper for at least two reasons. First, discovery is not permitted in cases brought pursuant to 22 U.S.C. § 4140, which is the only basis for jurisdiction in this case, because (as noted above) review is limited to the administrative record. Second, plaintiff's motion is premature even if discovery were permitted. The defendant's motion to dismiss the contract claim is based on lack of jurisdiction and failure to state a claim which can and should be decided in the first instance. Consequently, plaintiff's motion to supplement the record should be denied.

### Argument

**A. Judicial Review Is Limited to the Administrative Record Before the FSGB.**

Jurisdiction to review decisions of the FSGB is found at 22 U.S.C. § 4140, which states that "Section 706 of Title 5 [the APA] shall apply without limitation or exception." Review of agency action pursuant to the APA is based solely on the record that was before the agency when it made its decision-no less, and no more. National Treasury Employees Union v. Hove, 840 F. Supp. 165, 168 (D.D.C. 1994). Therefore,"[t]he administrative record includes all materials 'compiled' by the agency that were before

the agency at the time that the decision was made." James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal citations omitted).[1]  In this case, defendants filed with the Court the FSGB's complete Record of Proceedings from plaintiff's grievance.

Plaintiff does not contend that any materials filed with the FSGB, or otherwise considered by the FSGB, have been excluded from the AR in this case.[2]  Instead, plaintiff seeks to go beyond the administrative record in an apparent attempt to relitigate his grievance before the FSGB de novo, which he cannot do.  While Courts have permitted supplementation of the administrative record only in limited circumstances, those circumstances are not present here.  The circumstances under which the Courts have supplemented the record are as follows:

1.  when agency action is not adequately explained in the record before the court;

2.  when the agency failed to consider factors which are

---

[1] See also Environmental Defense Fund, Inc. v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled law that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made.").  "The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985).

[2] If plaintiff does identify specific pages of the AR that were inadvertently skipped in the copying process, or that were not copied in a clear manner, defendants would of course file a supplement to ensure that the record before the court faithfully reproduces what the FSGB had before it.

```
             relevant to its final decision;

   3.       when an agency considered evidence which it failed to
            include in the record;

   4.       when a case is so complex that a court needs more
            evidence to enable it to understand the issues clearly;

   5.       where evidence arising after the agency action
            shows whether the decision was correct or not;

   6.       where agencies are sued for a failure to take
            action;

   7.       arising under the National Environmental
            Policy Act; and

   8.       in cases where relief is at issue, especially at the
            preliminary injunction stage.
```

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (footnote containing citations omitted).

The overarching rationale for these exceptions is that '[c]ourts admit outside evidence primarily as a means of requiring an agency to explicate its own reasoning when the record is unclear.'" National Treasury Employees Union, 840 F. Supp. at 168.  "However, these exceptions should not be construed to swallow the rule that extrinsic evidence is generally inadmissible . . . ." Corel Corp. v. U.S., 165 F. Supp. 2d 12, 31 (D.D.C. 2001); see also Motor & Equip. Mfrs. Ass'n v. Environmental Protection Agency, 627 F.2d 1095, 1105 n. 18 (D.C. Cir.1979), cert. denied, 446 U.S. 952 (1980) (supplementing the administrative record "is the exception not the rule.").

We note that "the agency enjoys a presumption that it

properly designated the administrative record absent clear evidence to the contrary." Fund for Animals v. Williams, 245 F. Supp. 2d 49, 55 (D.D.C. 2003), vacated on other grounds, 428 F.3d 1059 (D.C. Cir. 2003) (internal citations omitted). But here, plaintiff has not even attempted to argue that the record was improperly designated or that any of the exceptions cited above apply in this case. The reasoning behind the FSGB's decision is clear. Moreover, plaintiff actually had an opportunity to review the Record of Proceedings and propose any corrections before the FSGB rendered a decision on his grievance. See AR 524-526.[3]

Finally, the record discloses that the FSGB gave plaintiff ample opportunity to conduct discovery under FSGB regulations (22 C.F.R. § 903.6; AR 453-54, 456-57, AR 461, 465-477, 475, 486-92; 500-07). The record also discloses that plaintiff failed to file any brief with the Board on the merits of the grievance (AR 520-521). To the extent that plaintiff argues that the Board improperly denied him the opportunity to develop his grievance by denying him the opportunity to serve 900 interrogatories on the Department, and this Court determines that the action of the FSGB was arbitrary and capricious, the appropriate action under the APA is to remand the case to the FSGB for further action

---

[3] If the Court were to conclude that there are significant deficiencies in the administrative record, the proper course would be to remand to the FSGB, not to allow extensive supplementation. National Law Ctr. on Homelessness & Poverty v. Dep't of Veterans Affairs, 730 F. Supp. 1148, 1153 (D.D.C. 1990).

consistent with the Court's findings. The plaintiff is not entitled to litigate the merits of his grievance de novo in this Court.

> **B. Plaintiff Is Not Entitled to Discovery on His Contract Claim**.

Plaintiff seeks to set aside a contract asserting that the documents he requests are relevant to that claim. How plaintiff frames his claims, however, cannot change the fact that the sole basis for jurisdiction asserted in this case is 22 U.S.C. § 4140, which permits an appeal only from a "final" FSGB decision. As discussed above, review in a case brought under 22 U.S.C. § 4140 is limited to the record that was before the FSGB, and that record has been filed with the Court. The plaintiff's contract claim is not a challenge to any "final action" by the Secretary or the Board within the meaning of § 4140. Jurisdiction over contract claims exceeding $10,000 is in the Court of Claims. 28 U.S.C. § 1346(a)(2). But even if the Court had jurisdiction over plaintiff's contract claim, it fails as a matter of law.

For the purposes of the defendants' motion to dismiss the Court accepts as true all material factual allegations of the complaint. Hohri v. United States, 782 F.2d 277, 241(D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). Here, even if every allegation of the complaint is accepted as true, there is no basis for plaintiff to recover on his contract claim. Duress and coercion are not grounds for an affirmative claim, as

6

asserted here, but are instead defenses to a contract enforcement claim. Bennett Enterprise, Inc. v. Domino's Pizza, Inc., 794 F. Supp. 434, 438 (D.D.C. 1992). Moreover, plaintiff lost the power to void the contract by accepting and continuing to accept its benefits. Weaver v. Bratt, 421 F. Supp. 2d 25, 34 (D.D.C. 2006).

No discovery or supplementation of the record can cure the legal defects in the Complaint.

## Conclusion

For the reasons stated above, the Court should deny plaintiff's motion to supplement the record.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_\_/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

OF COUNSEL:

DAVID HUITEMA
Department of State

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by Federal Express to:

PHILLIP E. WRIGHT
4260 Franklin Street
China Grove, NC 28023

and by email at: pwrightjr1@yahoo.com

on this _____ day of January, 2007.

    \_\_/s/_____
    DIANE M. SULLIVAN
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W.
    Room E4919
    Washington, D.C. 20530
    (202) 514-7205