# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 07-5328**  September Term, 2007

06cv00526

Filed On: March 17, 2008

Phillip E. Wright,
    Appellant

v.

Foreign Service Grievance Board, et al.,
    Appellees

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)
ISSUED:
BY:
ATTACHED: ___ Amending Order
    ___ Opinion
    ___ Order on Costs

**BEFORE:** Henderson, Rogers, and Kavanaugh, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant fails to challenge the district court's conclusions that it lacked jurisdiction to consider his non-constitutional challenges to the settlement agreement, see Transohio Savings Bank v. Director, Office of Thrift Supervision, 967 F.2d 598, 609 (D.C. Cir. 1992); and that he lacked standing to bring his constitutional challenge to the Foreign Service Grievance Board's statutory scheme, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Appellant also does not address the district court's holding that he had ratified the settlement agreement by accepting its benefits. See VKK Corp. v. Nat'l Football League, 244 F.3d 114, 123 (2d Cir. 2001); Abbadessa v. Moore Business Forms, Inc., 987 F.2d 18, 23-24 (1st Cir. 1993); Osborne v. Howard Univ. Physicians, Inc., 904 A.2d 335, 340 n.4 (D.C. 2006). Because the settlement agreement constituted appellant's only guarantee that he would remain in the Foreign Service until he became eligible for retirement, he received "something of value to which he . . . had no previous right," Smith v. Mallick, _ F.3d _, 2008 WL 268921 (D.C. Cir. 2008), and therefore the agreement did not lack consideration. Finally, the settlement agreement is not one of the "handful" of contracts that are void on public policy grounds. See United States ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc., 214 F.3d 1372, 1377 (D.C. Cir. 2000).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk